# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 511 | **DATE** | 12/2/2002 |
| **CASE TITLE** | USA vs. Narada Abrahams and Robert Bell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the objections to the government's motion that have been interposed by the memoranda submitted by counsel for Abrahams and Bell are rejected. On the premise that the government will be able to deliver as advertised as to the evidence at issue, its motion for admissibility of the evidence is granted. (63-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 03 2002 | |
| | Notified counsel by telephone. | date docketed | 10 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/2/2002 | |
| SN | courtroom deputy's initials | 02 DEC -2 PM 3:54  Date/time received in central Clerk's Office | date mailed notice  SN  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 CR 511 |
| | ) | |
| NARADA ABRAHAMS and ROBERT BELL, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This Court has given full consideration to the responses filed by defendants Narada Abrahams ("Abrahams") and Robert Bell ("Bell") to the government's motion that seeks the admissibility, during the forthcoming trial scheduled to begin on December 9, of evidence as to the attempted but unsuccessful robbery by Abrahams, Bell and two of their cohorts of a Walgreens drug store in Evanston, Illinois on May 20, 2002--the day before the bank robbery that is the subject of the superseding indictment on which Abrahams and Bell are going to trial. There are at least two grounds that render that incident both relevant and admissible under the standards that apply to such "other crimes, wrongs or acts" as established by Fed. R. Evid. ("Rule") 404(b) and the caselaw construing and applying that Rule.

This is not at all an instance of the impermissible use of such other acts for the purpose prohibited by Rule 404(b): to serve as adverse character evidence--as demonstrating defendants' propensity to commit the actually charged crime. Instead the

incident serves as part and parcel of a demonstration of the motive and intent of defendants in committing the charged crime itself. According to the government:

1. On May 21 Abrahams and Bell, together with codefendant Marcel Grant (who has pleaded guilty and is a likely witness at trial), met to discuss their need for money and different ways in which they could obtain money illegally.

2. That discussion led to their agreement to rob the Walgreens drug store.

3. That effort proved unsuccessful because Grant (who was chosen to go into the store because he had previously worked at that Walgreens location) fled when an employee began to scream.

4. Finally, the defendants met next day, again discussed their need for money and other possible robberies, and ultimately settled on the bank robbery that is the subject of the superseding indictment.

All of that being so, the disputed evidence more than readily meets the four conditions for admissibility as regularly reconfirmed by our Court of Appeals (see, e.g., United States v. Poole, 207 F.3d 893, 897 (7th Cir. 2000)).

1. It relates to a matter other than defendants' propensity to commit the charged offense.

2. It is similar enough and close enough in time to a matter in issue.

3. There is more than enough evidence that the other act was committed.

4. It cannot be said that the probative value of the challenged evidence is substantially outweighed by the danger of unfair prejudice (this factor satisfies the balancing test prescribed by Rule 403).

## Conclusion

Accordingly the objections to the government's motion that have been interposed by the memoranda submitted by counsel for Abrahams and Bell are rejected. On the premise that the government will be able to deliver as advertised as to the evidence at issue, its motion for admissibility of that evidence is granted.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 2, 2002

3